# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

KEVIN WAYNE MOES,

      Defendant.

No. CR10-4006-MWB

**REPORT AND RECOMMENDATION
ON MOTION TO DISMISS**

_____

On January 28, 2010, the defendant Kevin Wayne Moes was indicted by the grand jury for failing to register and to update his registration as a sex offender pursuant to the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a).  Doc. No. 2.  On April 1, 2010, Moes filed a motion to dismiss the indictment.  Doc. No. 28. The plaintiff (the "Government") filed a resistance on April 7, 2010.  Doc. No. 32.  The court scheduled a hearing, and on April 8, 2010, Moes filed six exhibits for the hearing. Doc. No. 33.  He also filed a joint stipulation by the parties regarding the applicable Iowa, Nebraska, and federal statutes.  Doc. No. 34.  The Government also filed exhibits.  Doc. No. 35.

The court held a hearing on the motion on April 12, 2010, at which Assistant U.S. Attorney Janet Petersen appeared on behalf of the Government, and Moes appeared with his attorney, Assistant Federal Defender Robert Wichser.  The parties' previously-filed exhibits were admitted into evidence, consisting of the following: **Gov't Ex. 1** - "Notification of Registration Responsibilities Under Nebraska Sex Offender Registratin Act" dated April 7, 2005, addressed to Kevin W. Moes; **Gov't Ex. 2** - Woodbury County Sheriff's Office Offense Report dated September 15, 2009, regarding a domestic assault investigation at a Hornick, Iowa, address, involving Kevin and Rebecca Moes; **Def. Ex. A** - Trustee's Deed of Partial Reconveyance to Kevin W. Moes of property in Pierce

County, Nebraska, dated January 19, 2010; **Def. Ex. B** -Woodbury County Tax Statement as of February 7, 2008, for property owned by Rebecca Terpstra; **Def. Ex. C** - child support statement dated February 10, 2010, addressed to Kevin W. Moes at a McLean, Nebraska, address; **Def. Ex. D** - Pierce County, Nebraska, tax notice for 2008, addressed to Kevin W. Moes at a McLean, Nebraska, address; **Def. Ex. E** - Nebraska Certificate of Title for a 1994 Plymouth Acclaim, titled to Kevin Moes and/or Rebecca Moes; and **Def. Ex. F** - Warranty Deed dated June 23, 2008, conveying property in Woodbury County, Iowa, to Rebecca (Terpstra) Moes. The parties gave oral arguments, and the Government made an offer of proof regarding its evidence that Moes has resided in Iowa for purposes of the SORNA registration requirements.

The motion is now fully submitted. The court has considered the parties' briefs and arguments, and makes the following report and recommended disposition of the motion.

The background facts are brief. In December 2004, Moes was convicted in Nebraska for attempted first-degree sexual assault involving his then-wife. The parties agree the conviction is the type that requires Moes to register in Nebraska. After Moes served a sentence in the county jail and was released, he registered in Nebraska, and he has kept his Nebraska registration current since that time. Moes later met and married Rebecca Terpstra. Rebecca owns real property in Woodbury County, Iowa. Moes asserts he does not live at the Woodbury County property, but he visits the property and stays there two or three days a week. The Government alleges that in September 2009, officers responded to a domestic abuse disturbance at the property. They encountered Moes, and he told the officers he had been living at the Iowa residence for approximately four months.

*The Sex Offender Registration and Notification Act (SORNA)*

On July 27, 2006, Congress enacted SORNA to "establish[] a comprehensive national system for the registration of [sex offenders and offenders against children]." 42 U.S.C. § 16901. The Act requires "[e]ach jurisdiction [to] maintain a jurisdiction-wide sex offender registry[.]" 42 U.S.C. § 16912.

The registration requirements for sex offenders are specified in section 16913 of the Act:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
>
> The sex offender shall initially register --
>
>> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>>
>> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

42 U.S.C. § 16913.

Congress concurrently made it a crime to fail to comply with the registration requirements of section 16913. In pertinent part, the criminal penalty provision provides as follows:

(a) In general.--Whoever–

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a). Prior to the enactment of section 2250 on July 27, 2006, no federal criminal liability existed for an individual who violated a state "Megan's Law" requiring sex offender registration. *See United States v. Kapp*, 487 F. Supp. 2d 536, 538-39 (M.D. Pa. 2007) (discussing legislative history of SORNA and its predecessor, the Jacob Wetterling Act); 42 U.S.C. § 14701(d) (providing that a person who fails to register as required under any State "Megan's law" is "subject to criminal penalties in any State in which the person has so failed").

On February 28, 2007, the Attorney General promulgated an interim rule pursuant to 42 U.S.C. § 16913(d), set forth above, making SORNA's requirements applicable "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of [SORNA]." 28 C.F.R. § 72.3 (the "interim rule"). On May 30, 2007, the Attorney General published preliminary guidelines (the "SMART" guidelines, an acronym for the Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking) that reiterated the application of SORNA's requirements to sex offenders whose convictions predated SORNA's enactment. *See* 72 Fed. Reg. 30,210. On July 2, 2008, the Attorney General issued final SMART guidelines, again including the retroactivity provision. *See* 73 Fed. Reg. 38,030, at 38,046-47.

### *Moes's Motion to Dismiss*

At the hearing, Moes agreed that if he were living in Iowa, then he would be required to register under *Iowa* law, but he argues SORNA's registration requirements are unconstitutional. He argues, "Nowhere does SORNA, or the DOJ's 'Final Guidelines,' specify exactly where a sex offender is to go to register. For example, does a person go to the FBI, the DEA, ICE, the U.S. Attorney's Office, the local police station, the county sheriff, the NSP, etc., to legally register under SORNA?" Doc. No. 28-1, p. 3.

According to Moes, neither Iowa nor Nebraska has agreed to implement SORNA as of yet, and neither state has passed legislation to conform its state sex offender registry with SORNA's requirements. As a result, he argues "it was and is impossible for [him] to register 'as required by' SORNA . . . [because] there was and still is no state apparatus that enabled him to comply." *Id.*, p. 6. Moes argues that because it was impossible for him to comply with SORNA, criminalizing his failure to do so "violates the Due Process Clause's guarantee of fundamental fairness." *Id.* (citing *United States v. Dalton*, 960 F.2d 121, 124 (10th Cir. 1992)).

The Eighth Circuit Court of Appeals has rejected nearly identical arguments in several cases, holding that "SORNA applies to all sex offenders, regardless of whether the jurisdiction in which the sex offender resides has incorporated SORNA's requirements." *United States v. Foster*, slip op., 2009 WL 4062877 (8th Cir. Nov. 25, 2009); *see United States v. May*, 535 F.3d 912 (8th Cir. 2008), *cert. denied*, 556 U.S. ___, 129 S. Ct. 2431, 174 L. Ed. 2d 229 (2009); *United States v. Howell*, 552 F.3d 709 (8th Cir.), *cert. denied*, 557 U.S. ___, 129 S. Ct. 2812, 174 L. Ed. 2d 306 (2009); *United States v. Hacker*, 565 F.3d 522 (8th Cir.), *cert. denied*, 558 U.S. ___, 130 S. Ct. 302, 175 L. Ed. 2d 200 (2009). Moes was required by state law to keep his registration current. If he is deemed to have resided in Iowa during the applicable period, then he failed to comply with both Nebraska's and Iowa's registration requirements, *see* Iowa Code chapter 692A and Nebraska Revised Statutes sections 29-4001 to 29-4014, and his failure to do so would constitute a failure to comply with SORNA's requirements. *See May, Howell, and Hacker, supra*, *but see United States v. Utesch*, 596 F.3d 302, 306 (6th Cir. 2010) (holding SORNA did not apply to defendant who resided in states that had not yet implemented SORNA; recognizing a split in the circuit courts of appeal on the issue).

Moes also asserts Commerce Clause, Tenth Amendment, and Non-Delegation Doctrine arguments against the application of SORNA's requirements to him. *See* Doc.

No. 28-1. The Eighth Circuit also has rejected each of these arguments. *Id.* Moes acknowledged this fact in his brief and during oral argument, but he has asserted the arguments to preserve them for further review.

Given the existing Eighth Circuit precedents, Moes's motion to dismiss should be denied. His case turns on the factual question of whether or not he resided in Iowa during the applicable period – a question that must be answered by the trier of fact at trial.

## Conclusion

For the reasons state above, it is respectfully recommended that Moes's motion to dismiss (Doc. No. 28) be **denied**. Objections to this Report and Recommendation must be filed by **April 21, 2010**. Responses to objections must be filed by **April 26, 2010**. Any party planning to assert objections must order a transcript of the hearing no later than **April 16, 2010**. (However, the court finds a transcript of the hearing is not necessary for either party to be able to prepare objections to this Report and Recommendation, and accordingly the preparation of a transcript will not be considered as grounds for an extension of time to file objections.)

**IT IS SO ORDERED.**

**DATED** this 14th day of April, 2010.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT