**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>KEVIN WAYNE MOES,<br><br>        Defendant. | No. CR10-4006-MWB<br><br>**ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standard Of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *B. SORNA Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
   *C. Objections to Report and Recommendation* . . . . . . . . . . . . . . . . . . . . . 11
       *1.    Registration under SORNA* . . . . . . . . . . . . . . . . . . . . 11
       *2.    Notice under SORNA* . . . . . . . . . . . . . . . . . . . . . . . 14

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

## I. INTRODUCTION AND BACKGROUND

### A. *Procedural Background*

In an indictment returned on January 28, 2010, defendant Kevin Wayne Moes is charged with having knowingly failed to register and update his registration as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). On April 1, 2010, defendant Moes filed a Motion To Dismiss Indictment (docket no. 28). In his motion, defendant Moes contends that the indictment should be dismissed, arguing: (1) that applying SORNA to him violates due process because, although he had notice of his duty to register under Nebraska law, the federal government failed to notify him of his obligation to register under SORNA; (2) that SORNA's registration requirements and criminal penalties constitute an invalid exercise of congressional authority under the Commerce Clause; (3) that SORNA violates the Tenth Amendment by requiring states to accept and implement its provisions, and (4) that SORNA's delegation of authority to the Attorney General under § 16913(d) violates the non-delegation doctrine. The prosecution filed a timely resistance to defendant Moes's motion.

Defendant Moes's Motion To Dismiss Indictment was referred to Chief United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). After conducting an evidentiary hearing, on April 12, 2010, Judge Zoss filed a Report and Recommendation in which he recommended that defendant Moes's Motion To Dismiss Indictment be denied. Judge Zoss concluded that application of SORNA's penalty provision to Moes did not violate due process. With respect to Moes's Commerce Clause, Tenth Amendment, and non-delegation doctrine arguments, Judge Zoss noted Moes's acknowledgment that his

claims on these grounds were clearly precluded by a series of Eighth Circuit decisions, but that Moes was asserting them, nonetheless, in order to preserve them for further review.[1]

Moes has filed objections to Judge Zoss's Report and Recommendation. The prosecution has filed no objections. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Moes's Motion To Dismiss Indictment.

### B. *Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> In December 2004, Moes was convicted in Nebraska for attempted first-degree sexual assault involving his then-wife. The parties agree the conviction is the type that requires Moes to register in Nebraska. After Moes served a sentence in the county jail and was released, he registered in Nebraska, and he has kept his Nebraska registration current since that time. Moes later met and married Rebecca Terpstra. Rebecca owns real property in Woodbury County, Iowa. Moes asserts he does not live at the Woodbury County property, but he visits the property and stays there two or three days a week. The Government alleges that in September 2009, officers responded to a domestic abuse disturbance at the property. They encountered Moes, and he told the officers he had been living at the Iowa residence for approximately four months.

---

[1] Moes's Commerce Clause, Tenth Amendment, and non-delegation doctrine arguments are squarely foreclosed by the Eighth Circuit Court of Appeals's decisions in *United States v. Foster*, 354 Fed App'x 278, 281 (8th Cir. 2009) (holding that "SORNA applies to all sex offenders, regardless of whether the jurisdiction in which the sex offender resides has incorporated SORNA's requirements."); *United States v. Howell*, 553 F.3d 709, 713-717 (8th Cir. 2009), *cert, denied*, 129 S. Ct. 2812 (2009); and, *United States v. May,* 535 F.3d 912, 919-922 (8th Cir. 2008) (same), *cert. denied,* 129 S. Ct. 2431 (2009).

Report and Recommendation at pp. 2-7. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

### A. *Standard Of Review*

The court reviews the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district

4

court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

De novo review, of course, is nondeferential and generally allows a reviewing court to make an "independent review" of the entire matter. *Salve Regina College v. Russell*, 499 U.S. 225, 238 (1991) (noting also that "[w]hen *de novo* review is compelled, no form of appellate deference is acceptable"); *see Doe v. Chao*, 540 U.S. 614, 620-19 (2004) (noting de novo review is "distinct from any form of deferential review"). The de novo review of a magistrate judge's report and recommendation, however, only means a district court "'give[s] fresh consideration to those issues to which specific objection has been made.'" *United States v. Raddatz*, 447 U.S. 667, 675 (1980) (quoting H.R. Rep. No. 94-1609, at 3, *reprinted in* 1976 U.S.C.C.A.N. 6162, 6163 (discussing how certain amendments affect 28 U.S.C. § 636(b))). Thus, while de novo review generally entails review of an entire matter, in the context of § 636 a district court's *required* de novo review is limited to "de novo determination[s]" of only "those portions" or "specified proposed findings" to which objections have been made. 28 U.S.C. § 636(b)(1); *see Thomas*, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any *issue* need only ask." (emphasis added)). Consequently, the Eighth Circuit Court of Appeals has indicated de novo review would only be required if objections were "specific enough to trigger *de novo* review." *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989). Despite this "specificity" requirement to trigger de novo review, the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by the district court of substantial control over the ultimate disposition of matters referred to a

5

magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). As a result, the Eighth Circuit has been willing to "liberally construe[]" otherwise general pro se objections to require a de novo review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and to conclude that general objections require "full *de novo* review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a *de novo* review would still have been appropriate given such a concise record."). Even if the reviewing court must construe objections liberally to require de novo review, it is clear to this court that there is a distinction between making an objection and making no objection at all. *See Coop. Fin. Assoc., Inc. v. Garst*, 917 F. Supp. 1356, 1373 (N.D. Iowa 1996) ("The court finds that the distinction between a flawed effort to bring objections to the district court's attention and no effort to make such objections is appropriate."). Therefore, this court will strive to provide de novo review of all issues that might be addressed by any objection, whether general or specific, but will not feel compelled to give de novo review to matters to which no objection at all has been made.

In the absence of any objection, the Eighth Circuit Court of Appeals has indicated a district court should review a magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"); *Branch*, 886 F.2d at 1046 (contrasting de novo review with "clearly erroneous standard" of review, and recognizing de novo review was required because objections were filed). The court is unaware of any case that has described the clearly erroneous

standard of review in the context of a district court's review of a magistrate judge's report and recommendation to which no objection has been filed. In other contexts, however, the Supreme Court has stated the "foremost" principle under this standard of review "is that '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Thus, the clearly erroneous standard of review is deferential, *see Dixon v. Crete Medical Clinic, P.C.*, 498 F.3D 837, 847 (8th Cir. 2007) (noting a finding is not clearly erroneous even if another view is supported by the evidence), but a district court may still reject the magistrate judge's report and recommendation when the district court is "left with a definite and firm conviction that a mistake has been committed," *U.S. Gypsum Co.*, 333 U.S. at 395.

Even though some "lesser review" than de novo is not "positively require[d]" by statute, *Thomas*, 474 U.S. at 150, Eighth Circuit precedent leads this court to believe that a clearly erroneous standard of review should generally be used as the baseline standard to review all findings in a magistrate judge's report and recommendation that are not objected to or when the parties fail to file any timely objections, *see Grinder*, 73 F.3d at 795; *Taylor*, 910 F.2d at 520; *Branch*, 886 F.2d at 1046; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). In the context of the review of a magistrate judge's report and recommendation, the court believes one further caveat is necessary: a district court always remains free to render its own decision under de novo review, regardless of whether it feels a mistake has been committed. *See Thomas*, 474 U.S. at 153-54. Thus, while a

7

clearly erroneous standard of review is deferential and the minimum standard appropriate in this context, it is not mandatory, and the district court may choose to apply a less deferential standard.[2]

---

[2] The Eighth Circuit Court of Appeals, in the context of a dispositive matter originally referred to a magistrate judge, does not review a district court's decision in similar fashion. The Eighth Circuit Court of Appeals will either apply a clearly erroneous or plain error standard to review factual findings, depending on whether the appellant originally objected to the magistrate judge's report and recommendation. *See United States v. Brooks*, 285 F.3d 1102, 1105 (8th Cir. 2002) ("Ordinarily, we review a district court's factual findings for clear error . . . . Here, however, the record reflects that [the appellant] did not object to the magistrate's report and recommendation, and therefore we review the court's factual determinations for plain error." (citations omitted)); *United States v. Looking*, 156 F.3d 803, 809 (8th Cir. 1998) ("[W]here the defendant fails to file timely objections to the magistrate judge's report and recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error."). The plain error standard of review is different than a clearly erroneous standard of review, *see United States v. Barth*, 424 F.3d 752, 764 (8th Cir. 2005) (explaining the four elements of plain error review), and ultimately the plain error standard appears to be discretionary, as the failure to file objections technically waives the appellant's right to appeal factual findings, *see Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (stating an appellant who did not object to the magistrate judge's report and recommendation waives his or her right to appeal factual findings, but then choosing to "review[] the magistrate judge's findings of fact for plain error"). An appellant does not waive his or her right to appeal questions of law or mixed questions of law and fact by failing to object to the magistrate judge's report and recommendation. *United States v. Benshop*, 138 F.3d 1229, 1234 (8th Cir. 1998) ("The rule in this circuit is that a failure to object to a magistrate judge's report and recommendation will *not* result in a waiver of the right to appeal '"when the questions involved are questions of law or mixed questions of law and fact."'" (quoting *Francis v. Bowen*, 804 F.2d 103, 104 (8th Cir. 1986), in turn quoting *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986))). In addition, legal conclusions will be reviewed de novo, regardless of whether an appellant objected to a magistrate judge's report and recommendation. *See, e.g.*, *United States v. Maxwell*, 498 F.3d 799, 801 n.2 (8th Cir. 2007) ("In cases like this one, 'where the defendant fails to file timely objections to the magistrate judge's report and
(continued…)

As noted above, defendant Moes has filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Moes's Motion To Dismiss Indictment.

### B.  *SORNA Background*

SORNA, which is part of the Adam Walsh Child Protection and Safety Act of 2006, Pub.L. No. 109-248, was enacted on July 27, 2006. SORNA requires states to maintain a database of sex offenders. 42 U.S.C. § 16912. SORNA also requires sex offenders to register and make periodic updates to their information in the database. 42 U.S.C. § 16913.[3] Sex offenders must register before completing a sentence of imprisonment, or

---

[2](…continued)
recommendation, the factual conclusions underlying that defendant's appeal are reviewed for plain error.' We review the district court's legal conclusions de novo." (citation omitted)).

[3] SORNA sets out the following requirements:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
>
> The sex offender shall initially register-
> (1) before completing a sentence of imprisonment with respect

(continued…)

within 3 days after being sentenced to a term that does not include confinement. 42

---

[3](…continued)
to the offense giving rise to the registration requirement; or
(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

(e) State penalty for failure to comply

Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

42 U.S.C. § 16913.

U.S.C. § 16913(b). Sex offenders who fail to update their information may be fined and imprisoned for up to ten years. 18 U.S.C. § 2250. Congress did not expressly make SORNA retroactive to those sex offenders who were convicted of sex offenses before July 27, 2006, but instead delegated this authority to the Attorney General:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d). On February 28, 2007, the United States Attorney General promulgated an interim rule declaring SORNA retroactive to those sex offenders who had sex offense convictions predating SORNA's enactment.[4] 28 C.F.R. § 72.3 (2007).

### C. Objections to Report and Recommendation

#### 1. Registration under SORNA

Defendant Moes initially objects to Judge Zoss's Report and Recommendation on the ground that SORNA cannot apply to him without violating the Due Process Clause because Iowa and Nebraska, the two states among which he allegedly moved, have not implemented SORNA. The gist of Moes's argument is that because it was impossible for him to comply with SORNA in Iowa and Nebraska, because those states had not yet

---

[4] Under SORNA, a "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). SORNA defines a "sex offense" to be "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(A)(I).

11

implemented that statute, punishing him for failing to register under SORNA violates due process.

Moes's argument distorts two distinct and independent features of SORNA: the Attorney General's promulgation of a rule specifically making SORNA registration obligations retroactive to sex offenders such as Moes, and the separate and distinct requirement on the states to implement SORNA-compliant sex offender registries within a specified time after the Act's enactment, 42 U.S.C. § 16924, or suffer the loss of a portion of their federal funding, *id.* § 16925(a). Unlike SORNA's state administrative requirements, which specify a delayed effective start date, SORNA's registration requirement for sex offenders did not specify a delayed effective date, *see* 42 U.S.C. § 16924(a), and, therefore, took effect on the date of enactment, July 27, 2006. Applicability of the Sex Offender Registration and Notification Act, 72 Fed.Reg. 8894-01, 8895 (Feb. 28, 2007) ("In contrast to SORNA's provision of a three-year grace period for jurisdictions to implement its requirements, SORNA's direct federal law registration requirements for sex offenders are not subject to any deferral of effectiveness. They took effect when SORNA was enacted on July 27, 2006, and currently apply to all offenders in the categories for which SORNA requires registration."); *see United States v. Gould*, 568 F.3d 459, 465 (4th Cir. 2009) ("SORNA's registration requirements, which were applied to pre-SORNA offenders on February 28, 2007, are still requirements imposed on individuals and are not subject to the requirements imposed on the States, which were given a three-year grace period from the date of SORNA's enactment."), *cert. denied*, --- S. Ct.--- (Mar. 1, 2010).

Consequently, Moes's impossibility argument has been rejected by several federal circuit courts of appeals, including the Eighth Circuit Court of Appeals. *See United States v. Foster*, 354 Fed App'x 278, 281 (8th Cir. 2009) (holding that "SORNA applies to all

sex offenders, regardless of whether the jurisdiction in which the sex offender resides has incorporated SORNA's requirements."); *United States v. May,* 535 F.3d 912, 919 (8th Cir. 2008) (same), *cert. denied,* 129 S. Ct. 2431 (2009); *see also United States v. Heth*, 596 F.3d 255, (5th Cir. 2010) (holding that defendant's due process rights were not violated because "he was required to register under SORNA regardless of whether SORNA's administrative requirements had been implemented by Colorado or Texas."); *United States v. Shenandoah*, 595 F.3d 151, 158 (3rd Cir. 2010) (rejecting defendant's argument that SORNA did not apply to him because neither New York or Pennsylvania had implemented the law); *United States v. Brown,* 586 F.3d 1342, 1349 (11th Cir. 2009) ("[A] sex offender is not exempt from SORNA's registration requirements merely because the jurisdiction in which he is required to register has not yet implemented SORNA."); *United States v. George,* 579 F.3d 962, 965 (9th Cir. 2009) ("Without regard to whether SORNA is implemented by Washington or any other state, registration under it is required."); *Gould*, 568 F.3d at 465 (rejecting defendant's argument that "SORNA's registration requirement did not apply to him because Maryland has not yet implemented SORNA's requirements" because "SORNA's requirement that a sex offender register applies whether registration would be accomplished through preSORNA registration facilities or under SORNA-compliant programs."); *United States v. Dixon*, 551 F.3d 578, 582 (7th Cir. 2008) (holding that defendant was required to register under SORNA whether or not SORNA was fully implemented by state), *cert. granted sub nom. Carr v. United States*, 130 S. Ct. 47 (2009); *United States v. Hinckley,* 550 F.3d 926, 939 (10th Cir. 2008) (rejecting defendant's impossibility challenge where defendant "had notice of his obligations [and] could have registered in Oklahoma, which would have made him compliant with both state and federal law").

Accordingly, because both Iowa and Nebraska had sex offender registries during the time Moes is alleged to have traveled between these states and failed to register in accordance with SORNA, the court finds that SORNA's registration requirements are applicable to Moes, and his objection to Judge Zoss's Report and Recommendation is overruled.

### 2. *Notice under SORNA*

Defendant also objects to Judge Zoss's Report and Recommendation on the ground that SORNA cannot apply to him without violating the Due Process Clause because he never received notice that he was required to register under SORNA. In support of his argument, Moes relies on the United States Supreme Court's decision in *Lambert v. California,* 355 U.S. 225 (1957). The *Lambert* decision, however, is not controlling in this case. In *Lambert*, the Court considered a Los Angeles municipal ordinance requiring anyone who had been convicted of a felony to register with the police if he or she stayed in Los Angeles for five or more days. *Id.* at 226. The Court held that the felon registration ordinance violated the Due Process Clause of the Fourteenth Amendment when applied to a person who had no actual knowledge of her duty to register. *Id.* at 229-30 In reaching this conclusion, the Court noted: "Violation of [the statute's] provisions is unaccompanied by any activity whatever, mere presence in the city being the test. Moreover, circumstances which might move one to inquire as to the necessity of registration are completely lacking." *Id.* at 229. Here, in stark contrast to and unlike the defendant in *Lambert*, Moes knew that he was required to notify Nebraska of any address change and to notify Iowa once he began to reside there. On March 9, 2005, Moes signed a Nebraska Sex Offender Registration Notice. This notice provided, in pertinent part, that:

> If you move to a new address, whether in or out-of-state, you are to provide written notification of your new address to the

> county sheriff of the county of your former address (even if you did not move out of the county). The notification must be given within five working days after your move. If you have moved to a different county within the state, you are also to report to the county sheriff in your new county of residence, register with that sheriff and give notice of your current address. This notice must be given within five working days after your move. If you have moved out of state, you must also comply with the registration requirements of that state.

Sex Offender Registration Notice, Gov't Ex. 1 (docket no. 35-1). Moes could have complied with SORNA merely by notifying Iowa and Nebraska of his relocation to Iowa within the time prescribed by those states' respective sex registration laws. The Eighth Circuit Court of Appeals and other federal appellate courts have found that notice of a duty to register under a state sex registration law satisfies the Due Process Clause. *See Foster*, 354 Fed App'x at 281 (holding that SORNA did not violate the Due Process Clause where defendant had notice of his duty to register under Missouri law); *United States v. May,* 535 F.3d at 921 (holding no due process violation where defendant knew that he had an obligation to register in accordance with state law); *see also Heth*, 596 F.3d at 258 (holding that "'notice of a duty to register under state law is sufficient to satisfy the Due Process Clause.'") (quoting *United States v. Whaley*, 577 F.3d 254, 262 (5th Cir. 2009); *Dixon,* 551 F.3d at 584 (holding that defendant's SORNA conviction did not violate Due Process even though defendant did not receive personal notice of SORNA's enactment where defendant knew he had to register as a sex offender under state law); *Hinckley,* 550 F.3d at 938 (holding that defendant's notice of requirement to register as a sex offender under state law provided sufficient notice to satisfy due process); *Gould,* 568 F.3d at 468-69 (holding that notice of the duty to register under state law provided sufficient notice of the duty to register under SORNA as to satisfy due process). Accordingly, the court finds

that Moes received adequate notice of his duty to register in Iowa to satisfy due process. Therefore, this objection to Judge Zoss's Report and Recommendation is also overruled.

### *III. CONCLUSION*

Therefore, for the reasons set forth above, the court, upon a *de novo* review of the record, **accepts** Judge Zoss's Report and Recommendation and **denies** defendant Moes's Motion To Dismiss Indictment.

**IT IS SO ORDERED.**

**DATED** this 11th day of May, 2010.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA